U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 1 2015

TONY R. MOORE, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CLARENCE RAY SMITH, JR.          DOCKET NO. 15-CV-2152; SEC. P
(#37863-177)

VERSUS                           JUDGE DRELL

WARDEN                           MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Clarence Ray Smith, Jr., filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Northern District of Texas. The case was transferred to the Western District of Louisiana on August 6, 2015, because Petitioner is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Petitioner is serving a 235-month sentence imposed in the Northern District of Texas on June 12, 2009. [6:08-cr-0048, N.D.Tex.] He complains that he was not awarded proper prior custody credit against his federal sentence.

According to the administrative remedy documents, Petitioner was arrested by State of Texas law enforcement officials on October 23, 2008. [Doc. #14, p.12] While in state custody, Petitioner was

temporarily transferred to federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum. [6:08-cr-48, N.D.Tex., Doc. #4] Petitioner entered a guilty plea. On June 12, 2009, he was sentenced to a term of 235-months of imprisonment. After sentencing, Petitioner was returned to state custody. [Doc. #14, p.12] On October 5, 2011, Petitioner was released from state custody to the United States Marshals Service for commencement of the federal sentence. [Doc. #14, p.6]

### *Law and Analysis*

First, Title 18 U.S.C. §3584(a) provides that multiple terms of imprisonment imposed *at different times* run consecutively, unless the court orders that the terms are to run concurrently. The federal judge *did not order* the federal sentence to run concurrent with any state sentence.

Next, Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See <u>Reno v. Koray</u>, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

(a) Commencement of sentence — A sentence to a term of imprisonment commences *on the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added).

The time for which Petitioner seeks federal credit - from October 23, 2008, through October 5, 2011 - counted toward Petitioner's state sentence since he was in the primary custody of the State of Texas. [Doc. #14, p.14] Section 3585 only allows credit for time **"that has not been credited against another sentence."**

The *writ of habeas corpus ad prosequendum* did not deprive the state authorities of primary jurisdiction over Petitioner. Such a writ permits one sovereign (the federal government in this case) to temporarily "borrow" a person in the custody of another sovereign (the State of Texas in this case) for the purpose of prosecuting him. The writ permits the receiving sovereign to perform such acts as indicting, arraigning, trying and sentencing the person. See Flick v. Bevins, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam). As the receiving jurisdiction merely obtains limited jurisdiction over the person, **the person remains under the jurisdiction and in the custody of the sending sovereign.** A prisoner is not entitled to credit towards a federal sentence for the time spent in a federal

3

detention center under a *writ of habeas corpus ad prosequendum* if the prisoner received credit for such time on his state sentence. See <u>Vignera v. Attorney General of the United States</u>, 455 F.2d 637, 638 (5th Cir. 1972). In this case, Petitioner did received credit against his state sentence for the period he spent in federal custody pursuant to a *writ of habeas corpus ad prosequendum.*

### *Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED, with prejudice.**

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this __1st__ day of __December__, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE